UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JONATHON DOUGLAS MATTIX, | |
| Plaintiff, | |
| v. | No. 1:25 CV 139 |
| FORT WAYNE JOURNAL GAZZETT, FOX NEWS, NEWS CHANNEL 33, NEWS CHANNEL 21, and NEWS CHANNEL 15, | |
| Defendants. | |

OPINION and ORDER

Jonathon Douglas Mattix, a prisoner without a lawyer, filed a complaint alleging five news outlets denied him a fair trial by publishing information about his criminal case. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mattix says "the basis for jurisdiction is Federal Question violation of my Constitutional rights to a fair trial." (DE # 1 at 2.) He alleges the five defendant news outlets "slandered, character assassination, … libel, malign me, [and] induced an evil

opinion of me." (*Id*. at 3.) There are several reasons why this complaint does not state a claim.

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, none of these defendants are acting under color of State law. Mattix could amend his complaint to name a state actor, but even "[e]xtensive pretrial publicity does not, in itself, render a trial unfair and violate a defendant's right to due process." *Willard v. Pearson*, 823 F.2d 1141, 1146 (7th Cir. 1987) (*citing Dobbert v. Florida*, 432 U.S. 282, 303 (1977)). Since he has not yet gone to trial, he has not been denied a fair trial by these defendants or anyone else. *See State v. Mattix*, 02C06-2501-MR-3 (Allen Superior Court 6 filed January 27, 2025). If he is convicted and believes he was denied a fair trial, in federal court, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: May 2, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT